# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST C. WOODS, II, | CASE NO. 09cv1730-WQH-CAB |
| Petitioner, | ORDER |
| vs. | |
| JOHN MARSHALL, Warden; et al., | |
| Respondents. | |

HAYES, Judge:

The matters before the Court are the "Petitioner's Objection to Summary Dismissal of Successive Petition" and the "60-B Motion." (Doc. # 8, 10).

**I.    Background**

On August 7, 2009, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). The Petition seeks to challenge Petitioner's April 29, 1987 conviction in San Diego Superior Court, case No. CR 83908. (Doc. # 1 at 1).

On August 31, 2009, the Court issued an Order which stated:

> The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his April 29, 1987, conviction in San Diego Superior Court case No. CR 83908. On August 27, 1991, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 91cv1175 H (M). In that petition, Petitioner challenged his conviction in San Diego Superior Court case No. CR83908 as well. On June 26, 1992, this Court denied the petition on the merits. Petitioner appealed that determination. On September 15, 1992, the Court denied Petitioner's request for a Certificate of Probable Cause. The Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Probable Cause on October 29, 1992.

> On April 7, 2004, Petitioner filed an application with the Ninth Circuit requesting leave to file a second or successive petition in this Court. On May 20, 2004, the Ninth Circuit denied that request.
>
> Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court.

(Doc. # 6 at 1-2 (citations omitted)). The Court dismissed this action without prejudice to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals. (Doc. # 6 at 2).

On September 23, 2009, Petitioner filed the Objection to Summary Dismissal of Successive Petition and 60-B Motion. (Doc. # 8, 10). Petitioner contends that this Court's August 31, 2009 Order is erroneous because his "initial habeas petition was dismissed for a technical or procedural reason rather than on the merits." (Doc. # 8 at 1; Doc. # 10 at 1).

## II. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. Cal. Civ. L.R. 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

Additionally, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[1] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "[A] postjudgment motion will be considered a Rule 59(e) motion where it involves reconsideration of matters properly encompassed in a decision on the

---

[1] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time." Fed. R. Civ. P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. *Id.*

merits." *Id.* at 174 (quotation omitted). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**III.   Discussion**

A habeas petitioner is generally required to present all of his or her grounds for relief simultaneously rather than serially. "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As explained by the Supreme Court, section 2244(b)(3)(A) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). However, a second or subsequent petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason rather than on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000) (holding that a habeas petition which is filed after a prior habeas petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive petition").

On June 26, 1992, this Court issued an Order denying Petitioner's initial federal habeas petition. (*See* Order filed June 26, 1992 in case No. 91cv1175 H (M), Doc. # 12). In the June 26, 1992 Order, the Court addressed the merits of both of the issues raised by Petitioner in his 1991 habeas petition: (1) the contention that the state trial court improperly admitted evidence of uncharged conduct (*see* case No. 91cv1175 H (M), Doc. # 12 at 2-5); and (2) the contention that the jury instruction as to malice was erroneous (*see* case No. 91cv1175 H (M), Doc. # 12 at 5-6). Petitioner's 1991 habeas petition was denied on the merits. Accordingly, Petitioner now must obtain an order from the appropriate court of appeals authorizing the district court

1  to consider a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has not
2  obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this
3  Court cannot consider his Petition.
4     IT IS HEREBY ORDERED that the "Petitioner's Objection to Summary Dismissal of
5  Successive Petition" and the "60-B Motion" are each **DENIED**. (Doc. # 8, 10).
6  DATED: October 16, 2009

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge